## SUPREME COURT.

WILLIAM NIBLO agt. JOHN BINSSE, executor, and LOUISA LA FARGE, executrix of JOHN LA FARGE, deceased.

On appeal from an order of the special term *granting costs against executors,* where the judge, on the motion, finds that the application to the executors was sufficient, and that they should have *offered to refer,* the general term will not review his finding of facts on that question.

An *extra allowance* of costs against executors depends on the same inquiry as the question of the recovery of costs against them.

Where, after the entry of judgment against executors, the judge at special term.

decides the question of *costs* and an *extra allowance* in favor of the plaintiff, it is proper to have the order entered *nunc pro tunc*, as of the day of entering the judgment.

*New York General Term September,* 1865.

*Present* INGRAHAM, *P. J.,* LEONARD *and* SUTHERLAND, *Justices.*

A MOTION was made by the defendants in this case at special term to set aside the costs entered in the judgment in this action against the defendants as executors, as irregular—costs not having been allowed the plaintiff by special leave of the court. The plaintiff made a cross motion for an extra allowance of costs, against the defendants, in addition to the general costs in the action. Judge INGRAHAM, before whom the motions were heard, made the following decision : "I think the application to the executors sufficient, and that they should have offered to refer. The motion is denied, and the order for costs, &c., to be entered *nunc pro tunc* is granted on payment of costs." From this decision the defendants appealed to the general term.

T. J. GLOVER, *for defendants, appellants.* (*His Points on appeal from order granting costs nunc pro tunc.*)

I. It was irregular to enter judgment for costs against these executors, without special leave of the court. (*Mulherans' Executors* agt. *Gillespie,* 12 *Wend.* 355, *citing Potter* agt. *Ely,* 5 *Wend.* 74; *Palmer* agt. *Palmer, Id.* 91; *Nicholson* agt. *Showerman,* 6 *Id.* 554, *and many other cases not reported*; *Carhart* agt. *Blaisdell's Executors,* 18 *Wend.* 531, 532; *Knapp* agt. *Curtiss,* 6 *Hill,* 386 ; *Comstock* agt. *Olmstead,* 6 *How.* 77 ; *Stephenson* agt. *Clark,* 12 *How.* 282 ; *Proude* agt. *Whiton,* 15 *How.* 304; *affirmed at General Term,* 305, *note ; Buckout* agt. *Hunt,* 16 *How.* 411, 412 ; *Mersereau* agt. *Ryers,* 12. *How.* 300.)

II. It is clear and evident, upon these papers, that the plaintiff had no right to recover costs. (2 *R. S. p.* 90, § 41, 1*st ed.;* 3 *R. S. p.* 176, § 46, 5*th ed.; Code,* § 317.)

1. There is no pretense that the plaintiff ever offered to refer.

2. The defendants both testify that they never refused to refer.

3. *They were not bound to offer* to refer. It must appear that the defendants refused in the language of the statutes.

4. The rejection of the demand (if it had been unqualifiedly rejected) would not have been equivalent to a refusal to refer. (*Stephenson* agt. *Clark, Proude* agt. *Whiton, Buckout* agt. *Hunt, supra.*)

5. The only application to them was by Hitchings, on 25th February, 1859 ; it was a demand of payment, and nothing more.

III. It was a palpable injustice on the hearing of the defendants motion, to set aside the irregular entry of costs, to make an order *nunc pro tunc*, allowing costs against executors, founded upon the plaintiff's affidavit, which the defendant never had any opportunity to answer (*Winne* agt. *Van Schaick*, 9 *Wend.* 448).

IV. The opinion given on the decision rests upon the supposed duty of the executors to offer to refer. The preamble to the order rests it upon our "*unreasonable*" resistance. Thus we are convicted of an offense which subjects us personally to the costs, without accusation, without notice, and without being heard.

V. The counsel who drew the order evidently thought the only ground for imposing costs was "unreasonable resistance ;" he supposed we could be deemed to have refused to refer. It was certainly bold, if not fair, to draw the order in that form. It was entered without notice of settlement. It was not in accordance with the opinion, and must have been imposed upon the court.

VI. The allegations of unreasonable resistance is a bold pretense, without the slightest justification. We have recovered judgment twice in this case, once on the report of Judge Mitchell, and once at the general term.

The very ground of recovery shows that the executors could not safely have paid without resistance. In the language of Judge BROWN, it was their duty to resist to the utmost.

The defendants established a reduction of the original

demand, $211, which the plaintiff had omitted to credit.   A part of the recovery, viz: $969.50, except $142, was not included in plaintiff's demand, nor in his complaint.  Besides, it will be found that five years interest on $2,600, will have to be deducted from the judgment.   If there was no ground for resisting, how was it a difficult and extraordinary case?

*Defendants Points on appeal from order for extra allowance.*

1. The statute forbids the recovery of any costs against executors, unless payment was *unreasonably* resisted, or they refused to refer the claim under the statute.   (2 *R. S. p.* 90, § 41, *4th ed.; Code,* § 317.)

2. Extra allowance under the Code are a part of the allowances for costs, and are equally within the prohibition or exception relating to executors.   Allowances are termed *costs* (*Code,* § 303) ; extra allowances are *termed* further allowances (*Code,* § 309 ; *Mersereau* agt. *Ryers' adm.* 12 *How.* 300).

3. No order having been obtained for the recovery of the general costs in the cause prior to the motion for extra allowance, no costs could be granted (*Mersereau* agt. *Ryers' adm.* 12 *How.* 300).

4. The referee had no power to allow costs.   (*Mersereau* agt. *Ryers' adm. supra ; Buckout* agt. *Hunt,* 16 *How.* 407, 411.)

5. The motion of the plaintiff was confined expressly to an extra allowance.

6. There was no pretense that the plaintiff had ever offered to refer, or that the defendants had refused to refer.

The affidavit of both defendants is positive that there never was any refusal to refer.   Neither was there any pretense that the resistance to the claim was unreasonable.

The judgment on the report of Judge Mitchell, dismissing the complaint, and the affirmance of that judgment by the general term of this court, are conclusive on this subject apart from the facts of the case.

7. The order ought to be reversed, with costs.

E. P. COWLES, *for plaintiff, respondent.*

Niblo agt. Binsse.

*By the court*, LEONARD. J. The judge before whom this motion was heard at special term, found that payment had been demanded before action, and unreasonably resisted. I am unable to perceive that I can find the fact better than he. The facts were before him; he passed upon them, and I cannot undertake to say that he found them incorrectly. It is not usual to review facts when they have been found by the judge who heard the motion.

The allowance, in addition to costs, depends on the same inquiry as the question of the recovery of costs.

The judge had the power to direct his order to be so entered as to prevent the necessity of another motion, or the useless proceeding of re-entering the judgment. Having decided the question of costs and allowance in favor of the plaintiff, it was proper to have the order entered *nunc pro tunc*.

I think the two orders appealed from should be affirmed, with $10 costs.